## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-00850-NCC |
| ) | |
| METROPOLITAN TRANSPORTATION ) | |
| AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Cedric Greene's Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. [2]. Having reviewed Plaintiff's financial information, the Court finds that he is unable to pay the filing fee in this matter. Accordingly, the Court grants Plaintiff's request and waives the filing fee under 28 U.S.C. § 1915(a)(1). Nevertheless, for the reasons discussed below, the Court dismisses this action for improper venue. *See* 28 U.S.C. §§ 1391(b), 1406(a).

### Background

Plaintiff has filed forty cases in this district since March 5, 2025. Of those, the Court has dismissed at least twenty-five for improper venue or lack of jurisdiction. Several other federal district courts, faced with a similar volume of filings from Plaintiff, have restricted his ability to file. *See Greene v. Sprint Nextel Corp.*, 750 F. App'x 661, 663-67 (10th Cir. 2018) (noting filing restrictions imposed on Plaintiff in the Ninth and Tenth Circuits, as well as federal district courts in Kansas, Utah, California, and Nevada).

## The Complaint

Plaintiff brings this action against the Metropolitan Transportation Authority in Los Angeles, California.  He alleges that the MTA falsely asserted that he had submitted a claim for damages to its legal department, which the MTA subsequently denied.  The denial letter advised Plaintiff that he had six months to file a civil action in state court.  Plaintiff seeks monetary damages but does not specify any legal basis for relief.

Plaintiff also raises other matters that he deems "unrelated."  Because Plaintiff acknowledges that these other claims bear no relation to the present action, the Court declines to address them.

## Discussion

Under 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. This case does not satisfy any of the statutory venue requirements.

Plaintiff provides a California address for both himself and the MTA.  Further, all conduct giving rise to this suit occurred in California.  Accordingly, the United States District Court for the Central District of California is the only proper venue for this action. *See* 28 U.S.C. § 84(c)(2).  Plaintiff does not allege that any act or omission relevant to this case occurred within this district.

Under 28 U.S.C. § 1406(a), if venue is improper, the district court in which the action was filed may either dismiss the action or, if the interests of justice require, transfer it to any district in which it could have been brought. Plaintiff is a well-known vexatious litigant who has filed hundreds of cases across the country. *See Greene v. U.S.*, 169 Fed. Cl. 334, 339 (2024) (estimating that Plaintiff has filed over 300 cases in federal courts throughout the country). The interests of justice do not warrant transfer. *See In re Hall, Bayoutree Assocs.*, 939 F.2d 802, 806 (9th Cir. 1991) (noting dismissal rather than transfer is proper "where filing in an improper forum evidences bad faith"); *LGT Enters., LLC v. Hoffman*, 614 F. Supp. 2d 825, 842 (W.D. Mich. May 14, 2009) (noting interest of justice does not warrant transfer where "the plaintiff brought the case in this district in bad faith or to harass the defendant"). Accordingly, the Court will dismiss this action for improper venue under 28 U.S.C. § 1406(a).

Even if venue were proper, the Court finds that Plaintiff's allegations fail to state a claim upon which relief may be granted. At most, Plaintiff's allegations, taken as true, suggest no more than a minor administrative issue involving a claim for damages and the subsequent denial of that claim. These allegations do not plausibly establish any federal cause of action. Moreover, Plaintiff fails to allege any concrete harm resulting from the MTA's actions, which both underscores his failure to state a claim and raises serious questions about his standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (explaining that Article III standing requires, among other things, an invasion of a legally protected interest that is concrete and particularized, and actual or imminent).

**Conclusion**

For the reasons stated above, the Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs and dismisses the complaint without prejudice for improper venue. Further, because there is no non-frivolous basis to argue that venue is proper in this district, the Court certifies that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** for improper venue. *See* 28 U.S.C. §§ 1391, 1406(a). An appropriate order of dismissal will accompany this Memorandum and Order.

Dated this 11th day of July 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE